Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
Vivek Kothari (Cal. Bar No. 262842)
vivek@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BEER, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> FANDANGO MEDIA, LLC, <br><br> *Defendant*. | Case No. 2:25-cv-03375 <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

**Table of Contents**

I. Introduction. ........................................................................................................................1

II. Parties. ................................................................................................................................2

III. Jurisdiction and Venue. .......................................................................................................3

IV. Facts. ..................................................................................................................................3

    A. Fandango sells gift certificates that expire. ..........................................................3

    B. Fandango FanClub's expiring gift cards are illegal. ..............................................6

    C. Fandango misled and injured Plaintiff. .................................................................7

V. Class Action Allegations. ....................................................................................................8

VI. Claims. ...............................................................................................................................9

    First Cause of Action:  Violation of California's Gift Card Law, Cal. Civ.
        Code § 1749.45 *et seq*. ..........................................................................................9

    Second Cause of Action:  Violation of California's False Advertising Law
        Bus. & Prof. Code §§ 17500 & 17501 *et seq*. .......................................................11

    Third Cause of Action:  Violation of California's Legal Remedies Act ......................12

    Fourth Cause of Action:  Violation of California's Unfair Competition Law ..........14

    Fifth Cause of Action:  Violation of the Credit Card Accountability
        Responsibility and Disclosure Act of 2009 (15 U.S.C. §1693-1) ....................16

    Sixth Cause of Action:  Quasi-Contract .......................................................................17

VII. Relief. ...............................................................................................................................18

VIII. Demand for Jury Trial. ......................................................................................................18

I.     Introduction.

1.     Fandango Media, LLC ("Fandango") is an online company that sells movie tickets and streaming content.  It operates the Fandango mobile app and website, Fandango.com, where customers can purchase movie tickets and stream content.  It also sells a "Fandango FanClub" membership.

2.     According to Fandango, a Fandango FanClub membership offers several benefits.  This includes "$10 toward a movie ticket each month – any movie, any showtime, any format."  For example:



Captured November 14, 2024

> **$10 monthly promo codes**
>
> Every month, get $10 to use towards any movie, any format, anytime - no restrictions!
>
> After 7 day free trial ends

Captured November 14, 2024

3. Customers see these ads and purchase Fandango FanClub memberships believing that they will receive these $10 monthly credits, which can be used for "any movie" at "any showtime" in the future. In truth, however, the credits expire 30 days after issuance. So, customers cannot use the $10 credits they receive each month for "any movie" at "any showtime" in the future. They can only use them for movies playing within the next 30 days after the credits are issued.

4. Fandango's ads are misleading. In addition, by selling credits that expire 30 days after they issue, Fandango violates California's Gift Card Law, which prohibits expiring gift certificates such as Fandango's movie credits.

5. Plaintiff purchased a 3-month Fandango FanClub membership. When Plaintiff bought the membership, Fandango advertised that the membership included "$10 toward a movie ticket each month – any movie, any showtime, any format." The credits Plaintiff received as part of his membership, however, expired 30 days after issuance. And, his credit did expire before he could use it.

6. Plaintiff brings this case on behalf of himself and others who purchased deceptively advertised Fandango FanClub memberships that included credits that illegally expired after 30 days.

## II.     Parties.

7. Plaintiff Jonathan Beer is domiciled in Los Angeles, California.

8. The proposed class includes citizens of every state.

9. Defendant Fandango Media, LLC is a Virginia limited liability company with its principal place of business at 100 Universal City Plaza, Universal City, CA 91608.

### III. Jurisdiction and Venue.

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

11. The Court has personal jurisdiction over Defendant because Defendant resides in and conducts business in California.

12. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of Defendant's conduct giving rise to the claims occurred in this District, including Defendant's sale to Plaintiff.

### IV. Facts.

#### A. Fandango sells gift certificates that expire.

13. Fandango sells movie tickets online, at Fandango.com, and through its mobile app. It also advertises and sells Fandango FanClub memberships ("Memberships"), both online and through the mobile app. Customers who enroll in a Fandango FanClub membership receive certain benefits such as fee-free ticket purchases through Fandango. In all relevant respects, through the statute of limitations period, across all versions of its website and mobile app, the sales process for the Fandango FanClub memberships was similar in all material respects.

14. Whenever a customer purchases movie tickets on Fandango, Fandango advertises the benefits of Fandango FanClub memberships, and offers the customer the option to "Add FanClub to Cart." This is displayed on a pop-up window that automatically appears during the checkout process (shown below).

15. The popup advertises several benefits of the Fandango FanClub membership. One advertised benefit is "$10 monthly to use toward any movie ticket each month – any movie, any showtime, any format." For example:



16. Customers who read these Fandango FanClub Benefits advertisements reasonably expect that the advertised $10 gift certificates do not expire. To start, Fandango's advertisement does not mention anything about the credits expiring. Nor does Fandango's webpage dedicated to describing the benefits of Fandango's FanClub Benefits.[1] Without any such statement, reasonable consumers reasonably believe that the

---

[1] https://www.fandango.com/policies/fanclub-benefits

Class Action Complaint                           4                    Case No. 2:25-cv-03375

credits that they will receive as part of their FanClub membership would not expire. This is especially true in California, where it is illegal for gift certificates such as Fandango's $10 credits to have an expiration date. *See* § IV(B) below. As a result, reasonable consumers in California are not accustomed to such gift certificates expiring. Moreover, such consumers expect that the gift certificates they receive will comply with the law, and will not expire.

17. Plus, Fandango expressly represents that the $10 credits that members will receive monthly do not expire. During checkout, Fandango represents that such credits can be used for "any movie" and "any showtime," without limitation. Fandango similarly represents on its webpage dedicated to describing the benefits of the Fandango FanClub that the credits can be "use[d] towards any movie" at "any time" after issuance.



18. To reasonable consumers, these statements further confirm that the $10 credit can be used for any movie at any point in the future after issuance, without any time limitation.

19. In truth, however—as Fandango mentions two links deep in the fine print about its Fandango FanClub membership—the $10 credits distributed to Fandango FanClub members expire one month after they issue. So, consumers who enroll in the Fandango FanClub cannot use the $10 credits they receive as part of that membership toward "any movie…anytime" as Fandango's advertisements represent. They can only use the membership for a limited number of movies, playing one month or less after the issuance of the credit. Consumers are therefore being deceived.

### B.     Fandango FanClub's expiring gift cards are illegal.

20.     In addition to being deceptive, Fandango FanClub's expiring credits are illegal under California law.  Under California's Gift Card Law, it "is unlawful…to sell a gift certificate to a purchaser that contains" an "expiration date." Cal. Civ. Code. §1749.5(a).

21.     The FanClub credits that Fandango sells are "gift certificates."  The term "gift certificate" includes "a certificate entitling the recipient to receive goods or services of a specified value from the issuer." Merriam-Webster Dictionary.[2]  Fandango's credits here plainly meet this definition.  They are certificates worth a particular amount of money ($10).  And they entitle the recipient to receive goods or services (movie tickets) of that value from the issuer (Fandango).  Thus, they are gift certificates.  *See, e.g. Cody v. SoulCycle Inc.*, No. CV 15-6457-GHK (JEMx), 2016 U.S. Dist. LEXIS 195821, at *31 (C.D. Cal. Jan. 11, 2016) (holding that SoulCycle's Series Certificates, which consumers used to attend spin classes, were gift certificates under California law).

22.     In short, by selling Fandango FanClub memberships that include $10 in credits that expire after a month, Fandango is selling a gift certificate to consumers that contains an expiration date that violates California's Gift Card Law.

23.     Fandango's expiring credits also violate the federal Credit Card Accountability Responsibility and Disclosure Act of 2009 ("CARD Act").  The CARD Act generally prohibits the sale or issuance of gift certificates or store gift cards with expiration dates of less than five years from the date of issuance.  *See* 15 U.S.C. § 1693l–1(c).  By distributing credits with only a 30-day expiration period, Fandango violates federal law.

---

[2] Accessible at https://www.merriam-webster.com/dictionary/gift%20certificate.

### C. Fandango misled and injured Plaintiff.

24. On November 6, 2024, Mr. Beer purchased a 3-month Fandango FanClub membership from Defendant on its website, Fandango.com. He made this purchase while living in Los Angeles, California. When Mr. Beer made his purchase, the checkout page did not disclose that the credits he would receive as part of his Membership would expire. Instead, the page represented that the credits could be applied toward "any movie" at "any showtime."

25. Mr. Beer read and relied on Defendant's representations on Defendant's website that he would be receiving a monthly credit worth $10. Fandango did not adequately disclose that the credit would expire. Mr. Beer thus did not know that the credits would expire when he made his purchase. And, one of the credits did expire before Mr. Beer could use it. Mr. Beer was thus unable to use it. Had Mr. Beer known that the credit would expire, he would not have purchased the Membership, or would have paid less for the Membership. And if the credits did not expire, Mr. Beer could and would have used his expired credit and would have received $10 worth of movie tickets.

26. Plaintiff faces an imminent threat of future harm. Plaintiff would purchase a Fandango FanClub membership again if he was sure that the credits that are included as part of the Membership did not expire. But without an injunction, Plaintiff cannot depend on Fandango honoring its credits without expiration dates, as required by California law.

27. Plaintiff seeks damages and, in the alternative, restitution. Plaintiff is permitted to seek equitable remedies in the alternative because he has no adequate remedy at law.

28. A legal remedy is not adequate if it is not as certain as an equitable remedy. The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims. In addition, the remedies at law available to Plaintiff are not equally prompt or otherwise efficient. The need to schedule a jury trial may result in delay. And a jury trial will take longer, and be more expensive, than a bench trial.

29. Finally, legal damages are inadequate to remedy the imminent threat of future harm that Plaintiff faces. Only an injunction can remedy this threat of future harm. As explained above, Plaintiff would purchase or consider purchasing the Fandango FanClub membership from Defendant again in the future if he could feel sure that the credits that are included as part of the Membership would not expire. But without an injunction, Plaintiff cannot depend on Fandango honoring its credits without expiration dates.

**V.    Class Action Allegations.**

30. Plaintiff brings certain asserted claims on behalf of a proposed class of all persons who, within the applicable statute of limitations period, purchased a Fandango FanClub Membership that came with Fandango Credit that had an expiration date (the Nationwide Class). Plaintiff brings the remaining claims on behalf of a proposed class of all persons who, while in the State of California and within the applicable statute of limitations period, purchased a Fandango FanClub Membership that came with Fandango Credit that had an expiration date (the California Subclass).

31. The following people are excluded from the class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### Numerosity & Ascertainability

32. The proposed class contains members so numerous that separate joinder of each member of the class is impractical. There are tens or hundreds of thousands of class members or more.

33. Class members can be identified through Defendant's sales records and public notice.

### Predominance of Common Questions

34. There are questions of law and fact common to the proposed class. Common questions of law and fact include, without limitation:

(1) whether Fandango's expiring credits violate California gift card law;

(2) whether Fandango's expiring credits violate the CARD Act;

(3) restitution needed to compensate Plaintiff and the class; and

(4) class-wide injunctive relief necessary to prevent harm to Plaintiff and the class.

### Typicality & Adequacy

35. Plaintiff's claims are typical of the class. Like the class, Plaintiff purchased a Fandango Membership with an expiring Fandango credit. There are no conflicts of interest between Plaintiff and the class.

### Superiority

36. A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI. Claims.

### First Cause of Action:
### Violation of California's Gift Card Law, Cal. Civ. Code § 1749.45 *et seq.*
(by Plaintiff and the California Subclass)

37. Plaintiff incorporates each and every factual allegation set forth above.

38. Plaintiff brings this cause of action on behalf of himself and the California Subclass.

39. Fandango's sale of Memberships with expiring FanClub credits violates California's Gift Certificate Law, Cal. Civ. Code § 1749.45 *et seq.*, which prohibits the sale of a gift certificate (including a gift card) that is subject to an expiration date.

40. Fandango advertises and sells its Memberships with expiring credits to consumers in California.

41. Fandango violates the Gift Certificate Law by selling and issuing credits that expire in one month.

42. As explained in greater detail above, these credits constitute "gift certificates" under California law, and have expiration dates.

43. Defendant's expiring gift cards were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the California Subclass.

44. Defendant's conduct harmed Plaintiff and the California Subclass. The fact that the Fandango credits expire forces consumers to redeem their credits quickly, or lose the credit in its entirety.

45. As a result of Fandango's unlawful acts and conduct, Plaintiff and similarly situated consumers in California have been deprived of the use of their money that was charged and collected by Fandango.

46. Defendant's conduct harmed Plaintiff and the California Subclass because they (a) lost the ability to redeem expired credits, (b) were deprived of the full value of their purchase, (c) paid for Membership benefits that were misrepresented and illegal; and/or (d) overpaid because the FanClub Memberships are sold at a price premium due to Defendant's credits, which consumers do not know will expire.

47. Plaintiff, individually and on behalf of similarly situated California consumers, seeks compensatory damages, including actual and statutory damages, injunctive and declaratory relief, the costs of this action, and reasonable attorneys' fees.

## Second Cause of Action:

## Violation of California's False Advertising Law Bus. & Prof. Code §§ 17500 & 17501 *et seq.*

(by Plaintiff and the California Subclass)

48. Plaintiff incorporates each and every factual allegation set forth above.

49. Plaintiff brings this cause of action on behalf of himself and the California Subclass.

50. As alleged more fully above, Defendant has falsely advertised its Memberships. Based on Fandango's representations and omissions detailed above, and based on the existence of the Gift Card Law, a reasonable consumer would believe that the Fandango $10 credits do not expire. Plaintiff relied on these representations and omissions. The representations and omissions are misleading because the credits do expire. Defendant knew that the credits would expire, but failed to clearly disclose this to consumers, and instead designed its disclosures to be hidden and go unnoticed by consumers.

51. As alleged more fully above, Defendant's representations and omissions were likely to deceive, and did deceive, Plaintiff and reasonable consumers. Defendant knew, or reasonably should have known, that its representations and omissions were misleading.

52. As alleged in detail above, Defendant's misrepresentations and omissions were material. Thus, class-wide reliance can be inferred.

53. As alleged in detail above, Defendant's representations and omissions were a substantial factor and proximate cause in causing damages and losses to Plaintiff and California Subclass members.

54. Defendant's conduct harmed Plaintiff and the California Subclass because they (a) lost the ability to redeem expired credits, (b) were deprived of the full value of their purchase, (c) paid for Membership benefits that were misrepresented and illegal;

and/or (d) overpaid for the Memberships because the Memberships are sold at a price premium due to Defendant's credits, which consumers do not know will expire.

## Third Cause of Action:

## Violation of California's Legal Remedies Act

(by Plaintiff and the California Subclass)

55. Plaintiff incorporates each and every factual allegation set forth above.

56. Plaintiff brings this cause of action on behalf of himself and the California Subclass.

57. Plaintiff and the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d).

58. Plaintiff and the California Subclass have engaged in "transactions" with Defendant as that term is defined by California Civil Code § 1761(e).

59. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

60. As alleged more fully above, Defendant misled customers by failing to clearly disclose that its credits expire. Defendant made representations based on which a reasonable consumer would believe that the Fandango credit does not expire.

61. In addition, it sold expiring gift certificates that violate California law.

62. Defendant violated, and continues to violate, section 1770 of the California Civil Code.

63. Defendant violated, and continues to violate, section 1770(a)(5) of the California Civil Code by representing that its Memberships offered have characteristics or benefits that they do not have. Defendant did this by selling gift cards that expire, and by making representations and omissions that lead a reasonable consumer to believe that they do not expire.

1    64.     Defendant violated, and continues to violate, section 1770(a)(9) of the California Civil Code.  Defendant violates this by advertising its Memberships as coming with credits, when in fact Defendant knows that the credits illegally expire.

2    65.     Defendant violated, and continues to violate, section 1770(a)(14) of the California Civil Code.  Defendant violates this by advertising its Memberships as coming with credits, when in fact Defendant knows that the credits illegally expire.

3    66.     Defendant violated, and continues to violate, section 1770(a)(16) of the California Civil Code.  Defendant violates this by having its credits illegally expire under California law.

67.     Defendant's representations and omissions were likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendant knew, or should have known through the exercise of reasonable care, that these statements and omissions were inaccurate and misleading.

68.     Defendant's misrepresentations and omissions were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing a Fandango FanClub membership.

69.     Defendant's misrepresentations and omissions were a substantial factor in Plaintiff's purchase decision.

70.     In addition, Subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Fandango Membership.

71.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the California Subclass.

72.     Defendant's conduct harmed Plaintiff and the class because they (a) lost the ability to redeem expired credits, (b) were deprived of the full value of their purchase, (c) paid for Membership benefits that were misrepresented and illegal under federal law; and/or (d) overpaid for the Memberships because the Memberships are sold at a price premium due to Defondant's credits, which consumers do not know will expire.

73. Accordingly, pursuant to California Civil Code § 1780(a)(2), Plaintiff, on behalf of himself and all other members of the California Subclass, seeks injunctive relief.

74. CLRA §1782 Notice. On April 2, 2025, a CLRA demand letter was sent to Defendant's California headquarters and registered agent via certified mail (return receipt requested), that provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here. If Defendant does not fully correct the problem for Plaintiff and for each member of the class within 30 days of receipt, Plaintiff and the class will seek all monetary relief allowed under the CLRA.

75. A CLRA venue declaration is attached.

## Fourth Cause of Action:

## Violation of California's Unfair Competition Law

(by Plaintiff and the California subclass)

76. Plaintiff incorporates each and every factual allegation set forth above.

77. Plaintiff brings this cause of action on behalf of himself and the Class.

78. Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

### *The Unlawful Prong*

79. Defendant engaged in unlawful conduct by violating the California Gift Card law and the CLRA and FAL as alleged above and incorporated here.

### *The Unfair Prong*

80. As alleged in detail above, Defendant committed "unfair" acts by selling gift cards that expire, in violation of California's gift card law.

81. The harm to Plaintiff and the California Subclass greatly outweighs the public utility of Defendant's conduct. There is no public utility to illegal expiring gift cards. This injury was not outweighed by any countervailing benefits to consumers or

competition. Illegal expiring gift cards only injure healthy competition and harm consumers.

82. Plaintiff and the California Subclass could not have reasonably avoided this injury. Defendant's representations were deceiving to reasonable consumers like Plaintiff. There were reasonably available alternatives to further Defendant's legitimate business interests, such as complying with California's gift card law.

83. Defendant violated established public policy by violating California's gift card law. The unfairness of this practice is tethered to a legislatively declared policy (that of California's gift card law).

84. Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

### *The Deceptive Prong*

85. As alleged in detail above, Defendant committed "deceptive" acts by selling expiring gift cards in violation of California's gift card law. Defendant further deceived consumers by failing to adequately disclose that the credits expire, and making representations that led reasonable consumers to believe that they do not expire.

86. Defendant's representations and deficient disclosures were misleading to Plaintiff and other reasonable consumers.

87. Plaintiff relied upon Defendant's misleading representations and omissions, as detailed above.

\* \* \*

88. For all prongs, Defendant's representations and omissions were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing a Fandango FanClub Membership. Defendant's representations were a substantial factor in Plaintiff's purchase decision.

89. In addition, class-wide reliance can be inferred because Defendant's representations and omissions were material, i.e., a reasonable consumer would consider

them important in deciding whether to buy a Fandango FanClub Membership that came with a credit.

90. Defendant's representations and omissions were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the Class members. Defendant's violative conduct was a substantial factor and proximate cause of economic harm to Plaintiff and class members.

## Fifth Cause of Action:

## Violation of the Credit Card Accountability Responsibility and Disclosure Act of 2009 (15 U.S.C. §1693l-1)

(by Plaintiff and the Nationwide Class)

91. Plaintiff incorporates each and every factual allegation above.

92. Plaintiff brings this cause of action on behalf of himself and the Nationwide Class.

93. Under the CARD Act, it is unlawful to sell or issue a gift certificate or store gift card with an expiration date that is less than five years from the date of issuance or date funds were last loaded, whichever is later. *See* 15 U.S.C. § 1693l–1(c).

94. The Fandango FanClub credits qualify as gift certificates and store gift cards under the CARD Act because they are (i) redeemable at a single merchant (Fandango); (ii) issued in a specified amount that may not be increased or reloaded ($10); (iii) purchased on a prepaid basis in exchange for payment; and (iv) honored upon presentation by Fandango for goods or services (i.e. Fandango movies). 15 U.S.C. §1693l-1(a).

95. The Fandango FanClub credits are not a loyalty, award or promotional gift card. As described in greater detail above, Fandango customers pay to receive the monthly Fandango FanClub credits. Customers effectively purchase the FanClub credits through their Membership fees. Thus, they are not a promotional incentive, loyalty, or award under the CARD Act.

96. As explained in greater detail above, Defendant markets and sells the Fandango FanClub credits to the public.

97. Defendant violated 15 U.S.C. § 1693l–1 by issuing these credits with an expiration date of 30 days, in violation of the CARD Act's five-year minimum expiration period.

98. Defendant's actions were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the class.

99. Defendant's conduct harmed Plaintiff and the class because they (a) lost the ability to redeem expired credits, (b) were deprived of the full value of their purchase, (c) paid for Membership benefits that were misrepresented and illegal under federal law; and/or (d) overpaid for the Memberships because the Memberships are sold at a price premium due to Defendant's credits, which consumers do not know will expire.

100. Plaintiff, individually and on behalf of similarly situated nationwide consumers, seeks compensatory damages, including actual and statutory damages, injunctive and declaratory relief, the costs of this action, and reasonable attorneys' fees.

## Sixth Cause of Action:

## Quasi-Contract

(by Plaintiff and the Nationwide Class)

101. Plaintiff incorporates each and every factual allegation above.

102. Plaintiff brings this cause of action on behalf of himself and the Nationwide Class.

103. As alleged in detail above, Defendant's false and misleading representations and omissions caused Plaintiff and the class to purchase Fandango Memberships.

104. In this way, Defendant received a direct and unjust benefit, at Plaintiff's expense.

105. Plaintiff and the Nationwide Class seek restitution.

## VII. Relief.

106. Plaintiff seeks the following relief for himself and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class;
- All available monetary forms of recovery, including restitution, and other just equitable relief;
- An injunction;
- Rescission;
- Pre- and post-judgment interest;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

## VIII. Demand for Jury Trial.

107. Plaintiff demands the right to a jury trial on all claims so triable.

Dated:        April 16, 2025                        Respectfully submitted,

By: _____

Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
Vivek Kothari (Cal. Bar No. 262842)
vivek@dovel.com

DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*